**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| JESSIE FIGURES | PLAINTIFF |
| VS. | CIVIL ACTION NO. 4:09CV016-M-S |
| FOOD GIANT SUPERMARKETS, INC. | DEFENDANT |

**BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiff, Jessie Figures, submit this Brief in Support of her Motion to Remand this case to the Circuit Court of Leflore County, Mississippi, and in support hereof shows this Court as follows:

FACTS

The relevant facts are set forth in Plaintiff's' Motion to Remand and are incorporated herein by reference.

ISSUES

The primary issue to be determined by this Court is whether this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (Diversity of Citizenship; Amount in Controversy) and 1441 et. seq.

ARGUMENT

This Court does not have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1446 et. seq., since subsequent to the time of Defendant's Notice of Removal Plaintiff and Defendant have entered into a Stipulation of Facts that the amount in controversy is less than $75,000 exclusive of interest and cost. Said Stipulation was also filed with court. Furthermore, the Plaintiff only seeks relief under state statutory law.

In their Notice of Removal, Defendant referred this Court to 28 U.S.C. §§ 1332 and 1441 which state that the amount in controversy exceeded $75,000 exclusive of interest and cost. A stipulation has been signed by both parties and filed with the court stating that the jurisdictional amount is not and will not be met.

This Court has previously stated that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case..." *Holmes v. Citifinancial Mortgage Co, Inc.*, 436 F.Supp.2d 829 (N.D. Miss. 2006) and *De Aguilar v. Boeing Company,* 47 F.3d 1404, 1412 (5th Cir.1995)((citing *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992)).

In *Workman v. Kawasaki Motors Corp., U.S.A.*, the Court was faced with a similar situation. *Id* @ 749 F.Supp. 1010 (W.D. Misr. 1990). The parties in a personal injury law suit stipulated that the amount in controversy was less than the jurisdictional amount. *Id*. The defendant later attempted to fight the remand stating that the damages in the case may ultimately exceed the jurisdictional amount. *Id*. The decision of the trial court remand the case to state court was upheld because due the damages stipulation the court lacked the jurisdictional amount. *Id*.

The Plaintiff has entered into a valid stipulation with the Defendant that does not allow the defendant to suit for more than the jurisdictional amount of $75,000 exclusive of interest and cost. The case therefore does not met the jurisdictional amount as outline in 28 U.S.C. §§ 1332. As such, this Court does not have jurisdiction to decide this case.

This Court was faced with a similar situation in *Herrington v. J.R. Pounds, Inc.* In *Herrington*, the Plaintiff landowners filed an action in state court charging defendants, companies and an individual, with contaminating their land with radioactive substances.

*Herrington v. J.R. Pounds, Inc*, 874 F. Supp. 133 (S.D. Miss. 1995). The case was removed to the court upon the contention that the complaint *urged* a claim that was federal in nature, falling under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C.S. §§ 9601-9675. *Id*. However, it was discovered that the amended complaint did not seek relief under federal law. Therefore, the landowners filed a motion to remand. The court granted the landowners' motion for remand and held that because the landowners only sought relief under state law there was no federal question and that there was therefore no basis for jurisdiction. *Id*.

On remand, jurisdiction is proper in the Circuit Court of Leflore County, Mississippi pursuant to Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that this cause of action is not made exclusively cognizable in some other Court by either the Constitution or the laws of the state of Mississippi, and by virtue of the fact that the principle amount in controversy exceeds Two Thousand Five Hundred Dollars ($2,500.00).

Personal jurisdiction over the defendants is also proper in the Circuit Court of Leflore County, Mississippi in that all defendants are residents of or do business in Leflore County, Mississippi. And, finally, venue is proper in the Circuit Court of Leflore County, Mississippi pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Leflore County.

In conclusion, this Court should remand of this case back to the Circuit Court of Leflore County Mississippi.

                                                         Respectfully Submitted,
                                                         Carlos E. Moore

BY:    s/Carlos E. Moore

        Carlos E. Moore
        ATTORNEY FOR PLAINTIFFS

Of Counsel:

**MOORE LAW OFFICE, PLLC**
P.O. BOX 1402
GRENADA, MS  38901
Telephone: (662) 227-9940
MSB # 100685

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>April 28, 2009</u>, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Richard L. Kimmel, Esq.
Upshaw, Williams, Biggers, Beckham & Riddick, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, Mississippi 38935-8230

      This the 28th day of April, 2009.

                                                    s/ Carlos E. Moore_____
                                                  Carlos E. Moore