**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JESSIE FIGURES**     **PLAINTIFF**

**V.**     **CASE NO. 4:09CV16**

**FOOD GIANT SUPERMARKETS, INC.**     **DEFENDANT**

### ORDER

This cause comes before the court on the motion [9] of the plaintiff, Jessie Figures, to remand the instant matter back to state court.

Figures moves to remand this action because he has filed a stipulation that this suit seeks less than $75,000.00 in damages. The defendant, Food Giant Supermarkets, Inc. ("Food Giant"), has not responded to this motion.

Food Giant removed this matter asserting diversity jurisdiction existed. Diversity jurisdiction requires the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. After the case was removed Figures stipulated that he was not seeking and would not accept more than $75,000.00 in damages.

Figures asserts courts in the Northern District have remanded cases under similar factual scenarios. In support of this proposition Figures cites to *Holmes v. Citifinancial Mortg. Co., Inc.* 436 F. Supp. 2d 829 (N.D. Miss. 2006). In *Holmes*, Judge Pepper actually made clear that plaintiff stipulations were only effective in defeating diversity jurisdiction if made prior to removal. *Id*. at 831 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount

recoverable below the statutory limit do not oust jurisdiction"). The stipulation in this matter was not filed until after removal. Thus Figures is unable to stipulate his way around jurisdiction.

The court, however, does have concerns that jurisdiction does not exist. The complaint in this action does not request a specific sum. Instead Figures asks for "a sum adequate to reasonably compensate the Plaintiff for any and all compensatory damages, including personal injury and property damage." Figures claims he slipped and fell in a puddle of water in a grocery store. The court finds it unlikely he suffered more than $75,000 in damages from such a fall. However, the complaint is so vague as to make it impossible to determine the alleged amount of damages.

Federal courts are courts of limited jurisdiction, and removing defendants bear the burden of establishing the federal forum has subject matter jurisdiction. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939). The Fifth Circuit in *St. Paul Reinsurance Co. Ltd. v. Greenberg* stated:

> [W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

134 F.3d 1250, 1253 (5th Cir. 1998).

Food Giant has been given the opportunity to produce evidence showing it is more likely than not the amount in controversy is greater than $75,000.00. It has failed to provide evidence of any kind. Therefore the court cannot determine by a preponderance of the evidence that diversity jurisdiction exists. The instant matter must be sent back to state court.

Figures motion for remand is GRANTED.

This the 27th day of May, 2009.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**